UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Civil Action No. 16-1471 (MCA)(MAH) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| $115,032.50 IN UNITED STATES CURRENCY, | |
| Defendant. | |

**THIS MATTER** comes before the Court on this Court's February 14, 2019 Order to Show Cause directing Claimant, Matthew Shane Robinson, to show cause in writing why his claim should not be dismissed pursuant to Federal Rules of Civil Procedure 16(f) and 37. D.E. 24. Claimant failed to respond in writing or otherwise to the February 14, 2019 Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Undersigned has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Claimant's claim with prejudice.

I.  BACKGROUND

This is a forfeiture action brought by the United States of America ("the Government") to forfeit and condemn United States currency in the amount of $115,032.50, which the United States Drug Enforcement Administration seized from Claimant on October 16, 2015. Complaint, March 15, 2016, D.E. 1. The Government claims that the currency is subject to forfeiture because it constitutes money and/or proceeds derived from a transaction involving a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. *Id.*

On March 15, 2016, the Government filed the instant Complaint, as well as a Warrant for Arrest in Rem for the subject currency. D.E. 1 & 2. On March 18, 2016, the Government filed a Notice of Complaint for Forfeiture. D.E. 3. Claimant filed a Verified Forfeiture Claim and Statement of Interest on April 21, 2016, contending that he is the rightful owner of the subject currency, and requesting its return. D.E. 4.

The Court entered a Scheduling Order in this matter on October 16, 2017, wherein Claimant was to cure his deficient discovery responses by January 31, 2018 and was to serve his discovery demands by November 21, 2017, to be responded to by the Government by January 31, 2018. Pretrial Scheduling Order, Oct. 16, 2017, D.E. 13. The Court also scheduled a telephone status conference for March 5, 2018. *Id.* The Court was notified on January 31, 2018, that Claimant's attorney had passed away on December 19, 2017. Letter, Jan. 31, 2018, D.E. 14. Claimant did not appear for the March 5, 2018 telephone status conference. D.E. 15. The Court issued an Order on March 6, 2018, directing Claimant to notify the Court in writing by March 26, 2018 whether he intended to proceed pro se or obtain new counsel. Order, March 6, 2018, D.E. 15. The Court attempted to mail that notice to the Claimant three times via both certified and regular mail. D.E. 16, 17, 18. All were returned as undeliverable. *Id.* The Government informed the Court on May 31, 2018 that Claimant had not attempted to contact it at all regarding this matter. Letter, May 31, 2018, D.E. 19. Consequently, the Court entered an Order to Show Cause on June 5, 2018, why default should not be entered against him. Order to Show Cause, June 5, 2018, D.E. 20. The Government filed proof of service of the Order to Show Cause on Claimant on June 6, 2018. Certification of Service, June 6, 2018, D.E. 21. The Court's mailing of the Order to Show Cause via certified mail was returned successfully mailed on June 12, 2018. D.E. 22. The Court issued a subsequent Order to Show Cause on February

14, 2019 directing Claimant to show cause in writing why his claim should not be dismissed pursuant to Federal Rules of Civil Procedure 16(f) and 37.  Order to Show Cause, Feb. 14, 2019, D.E. 24.  Despite the Orders to Show Cause having been served on Claimant, Matthew Shane Robinson has failed to respond to the Court's Orders, engage in discovery or contact the Court or the Government in anyway since his attorney passed away in December 2017.

## II. LEGAL ANALYSIS

### A. Dismissal as Sanction

Under Federal Rule 16(f)(1), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order."  It is well settled that *in rem* claimants are parties to the action.  *See U.S. v. United States Currency in the Amount of Six Hundred Thousand Three Hundred Forty One Dollars and No Cents ($600,341.00),* 240 F.R.D. 59, 63 (E.D.N.Y. 2007).

Rule 37(b)(2)(A) allows a court to strike pleadings or "dismiss[] the action or proceeding in whole or in part[.]"  Indeed, several courts have dismissed a claimant's claim for failure to participate in discovery or comply with a court order.  *See United States v. One Million Three Hundred Twenty-Two Thousand Two Hundred Forty-Two Dollars and Fifty Cents ($1,322,242.58)* 938 F.2d 433 (3d Cir. 1991) (holding that the District Court did not abuse its discretion by dismissing claims to money seized by the Federal Government as a sanction for noncompliance with discovery); *see also United States v. United States Currency in the Amount of Six Hundred Thousand Three Hundred Forty One Dollars and No Cents ($600, 341.00),* 240 F.D.R. 59 (E.D.N.Y 2007) (holding that parties in *in rem* civil forfeiture actions are parties to the

3

action and subject to sanctions for discovery violations under Rule 37(b)(2)(C)); *United States v. Proceeds of Drug Trafficking Transferred to Certain Foreign Bank Accounts,* 252 F.R.D. 60, 62 (D.D.C. 2008) (holding that Rule 37 allows the court to apply sanctions to any party in the case).

To determine whether dismissal is appropriate, the Court must balance the six factors set out by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir. 1984). Specifically, the Court must consider: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civil Action No. 07-2193, 2008 WL 305701, at *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civil Action No. 07-1914, 2009 WL 1181217, at *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civil Action No. 05-1720, 2005 WL 2338852, at *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."); s*ee also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### i.     The extent of the party's personal responsibility

Here, Claimant missed a scheduled telephone conference and he did not provide any explanation as to why. Nor did he notify Plaintiff or request an adjournment from the Court. Furthermore, Claimant failed to respond to this Court's March 6, 2018 Order which directed Claimant to inform the Court whether he would be proceeding pro se or obtaining a new attorney. Claimant further failed to comply with either the June 5, 2018 or February 14, 2019 Orders to Show Cause, directing him to show cause in writing why this matter should not be dismissed. Claimant also did not update his mailing address with the Court. Claimant's failure to take basic action to pursue his claim is his own doing, and, because of his inaction, this case has been brought to a virtual standstill with no indication that it will proceed. Accordingly, the Court concludes that Claimant does not intend to further litigate his claim and has willfully chosen to abandon the suit.

The first *Poulis* factor, therefore, weighs in favor of dismissal.

### ii.     Prejudice to the Adversary

Next, the Court must consider whether Claimant's failure to act in this litigation has prejudiced his adversaries. Prejudice is not limited to irreparable harm—it may include depriving a party of necessary information or the ability to prepare for trial. *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant)); *Porten v. Auto Zone*, Civil Action No. 10-2629, 2011 WL 2038742, at *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

Despite Claimant's failures to appear, Plaintiff appeared and was prepared for the telephone conference with the Court. In addition to his failure to appear, Claimant never addressed his deficient discovery responses with Plaintiff, and never served his own discovery, rendering Plaintiff unable to move this case forward. Claimant's failure to comply with his discovery obligations has hindered Plaintiff's ability to prepare a defense to Claimant's claim. As such, Claimant's failures have tied Plaintiff's hands.

The second *Poulis* factor also favors dismissal.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Claimant's dilatoriness and whether he has acted in bad faith. Claimant's dilatoriness is well documented. Although Claimant initially litigated this matter, he subsequently missed two telephone conferences, failed to provide discovery responses to Plaintiff, and failed to show cause in writing why his claim should not be dismissed. Claimant also has neither contacted the Court to seek more time to serve discovery nor secure a new lawyer. For more than a year, Claimant has had ample opportunity to cure the deficiencies. He also has had ample time to respond to this Court's Order to Show Cause. However, Claimant still has not taken any corrective action or explained his delinquencies. Therefore, the Court concludes that Claimant's failure to comply with its Orders has been willful. *Porten*, 2011 WL 2038742, at *2.

The third and fourth *Poulis* factors; therefore, favor dismissal of Claimant's claim.

### iv. Alternative Sanctions

This factor also favors dismissal. First, Claimant's failure to comply with multiple Orders strongly suggests that he has abandoned his claims. *Porten*, 2011 WL 2038742, at *3. Second, the Third Circuit has recognized that monetary sanctions such as fines, costs, and

6

attorneys' fees may be inappropriate or impractical in certain situations. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Claimant's failure to comply with Court orders or otherwise take action in over one year strongly indicates that he has abandoned his claim, and therefore dismissal is clearly the appropriate remedy.

      **v.    Meritoriousness of the Claim or Defense**

Finally, the Court must consider the merits of Claimant's claims. Here, however, the Court cannot adequately assess this factor due to Claimant's failure to comply with the Court's orders or provide long overdue discovery to Plaintiffs. *Porten*, 2011 WL 2038742, at *3 (citing *Devito v. C.M.S. Dep't*, Civil Action No. 05-3438, 2006 WL 756014, at *3 (D.N.J. March 17, 2006)). Therefore, this factor is neutral.

**III.    CONCLUSION**

On balance, each of the applicable *Poulis* factors weighs in favor of dismissal. As such, the Undersigned respectfully recommends that the District Court dismiss Claimant's claim pursuant to Fed. R. Civ. P. 16(f) and 37.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 7.1(c)(2).

    *s/ Michael A. Hammer*_____
    **Hon. Michael A. Hammer**
    **United States Magistrate Judge**

Date: April 10, 2019