2016V00288/PWG/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Hon. Madeline Cox Arleo |
| Plaintiff, | : Civil Action No. 16-1471 |
| v. | : DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE |
| $115,032.50 IN UNITED STATES CURRENCY, | : |
| Defendant *in Rem* | : |

WHEREAS, on or about March 15, 2016, the United States filed a Verified Complaint for Forfeiture *In Rem* (the "Verified Complaint") in the United States District Court for the District of New Jersey against $115,032.50 in United States currency that was seized on or about October 16, 2015 (the "Defendant Currency");

WHEREAS, the Verified Complaint alleged that the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished, by any person in exchange for a controlled substance and all proceeds traceable to such an exchange, in violation of 21 U.S.C. § 801, *et seq.* (narcotics control and enforcement laws);

WHEREAS, on or about March 18, 2016, the United States filed a Notice of Complaint for Forfeiture (the "Notice of Complaint");

1

WHEREAS, the Notice of Complaint stated that any person who wished to assert an interest in and avoid forfeiture of the Defendant Currency was required to file a verified claim with the Clerk of the Court within thirty-five (35) days after the date the Notice of Complaint was sent or the date of delivery, if personally served;

WHEREAS, the Notice of Complaint also detailed the procedure for filing a claim and answer;

WHEREAS, the United States learned that Matthew Shane Robinson appeared to have a potential claim to the Defendant Currency;

WHEREAS, on or about March 18, 2016, the United States sent copies of the Verified Complaint and the Notice of Complaint by by certified mail, return receipt requested, to David R. Welch, Esq., 523 West Sixth Street, Suite 716, Los Angeles California 90014, counsel for Matthew Shane Robinson, as required by Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure;

WHEREAS, on or about March 21, 2016, David R. Welch, Esq., 523 West Sixth Street, Suite 716, Los Angeles California 90014, counsel for Matthew Shane Robinson, received copies of the Verified Complaint and the Notice of Complaint;

WHEREAS, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, Notice of Civil Forfeiture was posted on an official internet government forfeiture website, namely www.forfeiture.gov for at least 30

consecutive days, beginning on March 20, 2016, notifying all third parties of their right to file a claim with the Court within 60 days from the first day of publication for a hearing to adjudicate the validity of their alleged legal interest in the property;

WHEREAS, on or about April 21, 2016, Matthew Shane Robinson, *pro se*, ("Robinson") filed the only claim in this matter claiming an interest in the Defendant Currency;

WHEREAS, on July 24, 2017, the Court directed Robinson to communicate with the undersigned for the purpose of jointly submitting a proposed discovery plan by August 11, 2017;

WHEREAS, on August 13, 2017, Bruce Regenstreich, Esq. entered an appearance on behalf of Robinson;

WHEREAS, on January 31, 2018, Gregory D. Miller, Esq. submitted a letter informing the Court and the undersigned that Mr. Regenstreich had passed away and that he had contacted Robinson via email and telephone several times to inform him of his counsel's death, but had received no response;

WHEREAS, on March 6, 2018, the Honorable Michael A. Hammer, United States Magistrate Judge, ordered Robinson to notify the Court in writing whether he intended to proceed *pro se* in this matter or obtain new counsel;

WHEREAS, on February 14, 2019, the Honorable Michael A. Hammer, United States Magistrate Judge, entered an order directing Robinson to show

cause in writing by June 29, 2018 why his claim should not be dismissed or stricken;

WHEREAS, on February 14, 2019, the United States provided a certification of service with regard to the Order to Show Cause dated February 14, 2019;

WHEREAS, on April 10, 2019, the Honorable Michael A. Hammer, United States Magistrate Judge, issued a report and recommendation recommending that Robinson's claim be dismissed with prejudice;

WHEREAS, on May 6, 2019, the Honorable Madeline Cox Arleo, United States District Judge entered an amended order adopting the report and recommendation dated April 10, 2019, and dismissing Robinson's claim with prejudice; and

WHEREAS, no other conforming Claim has been filed within the time required by Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and 18 U.S.C. § 983(a)(4)(A) for the Defendant Currency, and the statutory time periods in which to do so have expired;

IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED:

1.   THAT a Default Judgment and a Final Order of Forfeiture is granted against the Defendant Currency, namely $115,032.50 in United States currency that was seized on or about October 16, 2015, and no right, title or interest in the Defendant Currency shall exist in any other party; and;

2. THAT any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposits, as well as any income derived as a result of the United States Marshals Service's management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Marshals Service into the Department of Justice Assets Forfeiture Fund, in accordance with the law.

The Clerk is hereby directed to send copies to all counsel of record.

ORDERED this ___ day of May, 2019.

_____
HON. MADELINE COX ARLEO, U.S.D.J.

*This case is closed.*